IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WELLS FARGO BANK, N.A., | ) |
| Plaintiff, | ) |
| v. | ) |
| JOSEPH R. MAYS, SECRETARY OF HOUSING AND URBAN DEVELOPMENT, UNITED STATES OF AMERICA, UNKNOWN HEIRS AND LEGATEES OF JOSEPH R. MAYS, and UNKNOWN OWNERS and NON-RECORD CLAIMANTS, | ) Case No. 3:11-cv-85-JPG-DGW |
| Defendants. | ) |

**PROTECTIVE ORDER**

Now pending before the Court is a Motion for Protective Order filed by Defendant United States of America on March 24, 2011 (Doc. 7). That motion is **GRANTED**.

Defendant asserts that Plaintiff has failed or refused to provide written documents, including payment history, related to the loan at issue in the case. Defendant further asserts that Plaintiff's failure to disclose such information is based, in part, upon provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., which Plaintiff believes protects the disclosure of such information absent a court order. The Government now seeks a protective order pursuant to those provisions to protect the confidentiality of any such information disclosed by the Plaintiff. The Government stipulates that the information will be kept confidential and will not be revealed to any third party without further order of the Court. The time during which the Plaintiff could have responded in opposition to the motion has passed. Plaintiff filed no response or objection.

The Court finds that good cause exists for issuance of an order permitting limited disclosure of such information, and that entry of this order is appropriate pursuant to Federal Rule

of Civil Procedure 26(c).

Accordingly, it is **HEREBY STIPULATED AND ORDERED**:

1. that all documentation alleged by the Plaintiff to be subject to the provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.,* relating to the loan underlying this cause, shall be produced by Plaintiff pursuant to its discovery obligations to the attorneys of record in this litigation upon request of said attorneys;

2. that all attorneys of record shall keep confidential the financial information produced and shall not disclose any of the information to third parties without the permission of the opposing parties or the Court;

3. that disclosure of all such information shall be used for the sole purpose of preparing for or conducting this litigation, including, but not limited to investigation, consultation, discovery, depositions, trial preparation, trial, appeal, resolution, mediation, or uses incidental to the proceedings in the case and shall not be disclosed or revealed to anyone not authorized by this order;

4. that protected information may be disclosed without further notice to the party or the party's attorney, to:

    a. the parties themselves, the parties' attorneys, experts, consultants, witnesses or other person retained or called by the parties, other entities from whom damages, compensation, or indemnity is sought, court reporters, copy services, other similar vendors to the parties and their attorneys, as well as the professional and support staff of all of the above; and

    b. the parties, and each entity governed by this order shall either (a) destroy, or (b) return to the entity who originally produced it, all protected information, including all copies made, provided, however, that said protected information may be retained in the files of the entities listed in paragraph (a) above and may be destroyed pursuant to their regular file retention policies so long as the protected information is maintained in a secure environment; and

5. that no party shall file under seal in the Court's electronic case filing system any document without leave of Court and without the Court's express determination that good cause exists for sealing of the specific documents in the record.

**IT IS SO ORDERED.**

**DATED: April 19, 2011**

*Donald Wilkerson*

**DONALD G. WILKERSON**
**United States Magistrate Judge**